COLLEEN BAL, State Bar No. 167637
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: cbal@wsgr.com

Attorneys for Non-party Dropbox, Inc.

FILED
2012 JUL 18 P 3:45
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

CV 12 80 170 MISC EMC

| | |
|---|---|
| ELLIOTT GREENLEAF & SIEDZIKOWSKI P.C.,<br><br>   Plaintiff,<br><br>v.<br><br>WILLIAM R. BALABAN; CHARLES L. HERRON; PAMELA HERRON; and STEVENS & LEE, P.C.<br><br>   Defendants. | CASE NO.:<br><br>**DECLARATION OF COLLEEN BAL IN SUPPORT OF NON-PARTY DROPBOX, INC.'S MOTION TO QUASH SUBPOENA**<br><br>Pending in Case No.: 2:12-cv-00674 (TJS) (E.D. PA.) |

BAL DECL. DROPBOX'S MOTION TO QUASH                -1-

I, Colleen Bal, declare as follows:

1. I am a member of the law firm of Wilson Sonsini Goodrich & Rosati, counsel for Non-Party Dropbox, Inc. ("Dropbox") in the above-entitled action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. Attached as Exhibit A is a true and correct copy of the subpoena served by Defendant on Dropbox. Exhibit A to the subpoena lists the following topics:

   a. The use and functionality of Dropbox software ("Dropbox"), including, without limitation, the following:
      i. The means and methods by which Dropbox can "sync" between multiple computers.
      ii. Dropbox's ability to "link" and "de-link" computers, folders, or accounts.
   b. Dropbox's capability, or lack thereof, to be used as "spyware."
   c. Dropbox's capability, or lack thereof, to provide remote access to any part of a computer upon which Dropbox software is loaded.

3. I understand that Dropbox is holding an all-company event for the week of July 16-20, which all employees are expected to attend.

4. On July 10, 2012, I called Defendant's counsel Noah Charlson, the attorney at Bazelon Less & Feldman who signed the subpoena to Dropbox, to meet and confer about the subpoena. Since I was unable to reach Mr. Charlson, I left him a voicemail message asking him to call me.

5. On July 11, 2012, I received a phone call from Christina Reger, a law firm colleague of Mr. Charlson's. I discussed with Ms. Reger that the topics of the subpoena were so broad that Dropbox was unable to discern what information Defendant was seeking. She explained to me that Defendant did not understand how Dropbox works and was generally seeking more information about its functionality. I explained that the Dropbox software was available to be downloaded for free from the Internet, and that if Defendant had questions about its functionality, it should retain a technical expert to examine Dropbox rather than seek explanation from non-party Dropbox for the lawsuit. I also told her that Dropbox objected to the timing of the subpoena as unworkable and unduly burdensome. She told me that I would need to speak further with Mr. Charlson, and that she would have him call me.

BAL DECL. DROPBOX'S MOTION TO QUASH        -2-

6. On July 12, 2012, I received a phone call from Mr. Charlson. I reiterated Dropbox's objections to the subpoena. He explained to me generally that Defendant wanted a videotaped deposition of Dropbox for use at trial to respond to claims made by Plaintiffs about how Dropbox functions. He said he believed there was no better witness than Dropbox to refute claims about Dropbox. In response, I asked him whether he had retained a computer expert to address the same topic. He said that he had retained a computer expert, but he declined to reveal to me the intended subject matter of the expert's testimony. He also stated his view that Defendant was entitled to Dropbox's testimony even if its expert were to cover similar subject matter. He said he believed that Dropbox would be more credible at trial than a retained expert. In response to my inquiry whether Dropbox could provide a declaration in lieu of a deposition, he said that would not be acceptable to him because he wanted play a videotape of Dropbox at trial. At the close of our conversation, he said that he would speak with his computer expert to try to narrow the deposition topics listed in the subpoena.

7. Later that afternoon, I received an email from Mr. Charlson, a true and correct copy of which, along with the relevant attachment, is attached as Exhibit B. The email contained a revised schedule A, listing the following single topic: "The ability, or inability, of a remote Dropbox user to access files outside of the designated Dropbox folder on a client computer." To my knowledge, Mr. Charlson has never formally served an amended subpoena.

8. Because the complaint does not allege that Defendant used Dropbox software to access files outside the designated Dropbox folder on a computer (the sole topic of Defendants' proposed amended subpoena), I called plaintiff's counsel Mark Kearney to try to confirm the scope of plaintiff's allegations in the underlying matter. I reached Mr. Kearney on July 16, 2012. Mr. Kearney confirmed to me that plaintiff does not allege that Dropbox software was used by Defendant to access files on a computer outside of the Dropbox folder. He stated that plaintiff's allegations regarding the Dropbox software are consistent with the description of Dropbox on the Dropbox website.

9. Later the same afternoon, I spoke with Mr. Charlson. He confirmed that his subpoena was seeking information about the ability to use Dropbox to access files located on a

BAL DECL. DROPBOX'S MOTION TO QUASH                -3-

computer outside the Dropbox. I told him about my conversation with Mr. Kearney, which made clear that the information Defendant is seeking from Dropbox is not at issue and therefore irrelevant to the case. I also reiterated that Dropbox was not available for deposition on the timeframe he requested. I therefore asked him again to withdraw the subpoena. He said he would speak to Mr. Kearney, and would get back to me shortly as to whether he would agree to withdraw the subpoena.

10. On July 17, 2012, I received an email from Mr. Charlson stating that he would not withdraw the subpoena because plaintiff's counsel would not enter a stipulation concerning the functionality of the Dropbox software. Mr. Charlson also stated that he planned to send witness fees to Dropbox which he has failed to tender concurrent with service of the subpoena. A true and correct copy of Mr. Charlson's email to me is attached as Exhibit C.

11. Attached as Exhibit D is a true and correct copy of my email response to Mr. Charlson. In the response, I advised Mr. Charlson of Ninth Circuit authority requiring that Rule 45 witness fees (and estimated mileage fees) be paid concurrently with service, and holding that failure to tender those fees accordingly renders a subpoena invalid. I also told him that I believed he had failed to meet his burden to demonstrate that the testimony he sought from Dropbox was relevant and material to the underlying litigation, particularly where plaintiff's counsel had admitted in the email chain forwarded by Mr. Charlson that plaintiff's claims regarding the functionality of Dropbox are limited to those set forth in the operative complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct as of the date of execution of this document. Executed this 18th day of July, 2012 in San Francisco, California.

_____
Colleen Bal

BAL DECL. DROPBOX'S MOTION TO QUASH         -4-

EXHIBIT A

# BLF Bazelon Less & Feldman, P.C.

1515 Market Street Suite 700 Philadelphia Pennsylvania 19102-1907 215.568.1155 215.568.9319 fax www.bazless.com

Richard L. Bazelon·†
Jeffrey A. Less·†
A. Richard Feldman·†
Jerrilyn G. Marston·
Thomas Patrick Kelly·†
Helen R. Heifets·†
Noah H. Charlson·§†
Lisa A. Barton·†
E. McCord Clayton·†

Michael A. Shapiro·†
Christina M. Reger·†
Cary Joshi·†

Michael F. R. Harris·
Steven Kudatzky·§
Of Counsel

·Admitted in PA
†Admitted in NJ
§Admitted in NY
‡Admitted in DC

**New Jersey Office**
8000 Sagemore Drive
Suite 8302
Marlton
New Jersey 08053-3944
856.988.1319
856.988.0194 fax

July 6, 2012

*Noah H. Charlson*
*ncharlson@bazless.com*

### VIA HAND DELIVERY & E-MAIL

Dropbox, Inc.
Attn: Bart Volkmer, Esquire
760 Market Street, Suite 1150
San Francisco, CA 94102

      Re: *Elliott Greenleaf & Siedzikowski, P.C. et al. v. Balaban, et al.*
           U.S.D.C. for E.D. of Pa, C.A. No. 12-cv-0674-TJS

Dear Mr. Volkmer:

      Thank you for your time yesterday. As we discussed, I am enclosing a federal subpoena for a deposition of a representative of Dropbox, Inc. to testify in the referenced matter. In light of the July 20, 2012 discovery deadline, we have noticed the deposition for July 20, but we can be flexible prior to that date to accommodate the needs of Dropbox and its witness and counsel. Please contact me upon your review of this subpoena to discuss the logistics, and any concerns you may have.

      Thank you for your cooperation.

                                    Very truly yours,

                                    Noah H. Charlson

NHC/ayj
Enclosure

    cc: Mark Schwemler (via electronic mail)
          Mike Hayes (via electronic mail)
          Lisa Smith Presta (via electronic mail)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | California |
|---|---|---|

| Elliott Greenleaf & Siedzikowski, P.C. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| William R. Balaban, et al. | Case Number:[1] 12-cv-00674 (E.D. Pa) |

TO: Dropbox, Inc.
Attn: Bart Volkmer, Esquire
185 Berry Street
San Francisco, CA 94107

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | | DATE AND TIME |
|---|---|---|
| | Combs Reporting, 595 Market St., Suite 620, San Francisco, CA 94105 See Schedule A for Topics of Deposition | 7/20/2012 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Atty for Defendant Stevens & Lee | DATE 7/6/2012 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Noah H. Charlson, Esquire
Bazelon Less & Feldman, P.C., 1515 Market Street, Suite 700, Philadelphia, PA 19102 -- (215) 568-1155

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A TO SUBPOENA TO DROPBOX

### TOPICS FOR TESTIMONY OF CORPORATE DESIGNEE

1. The use and functionality of Dropbox software ("Dropbox"), including, without limitation, the following:
    a. The means and methods by which Dropbox can "sync" between multiple computers.
    b. Dropbox's ability to "link" and "de-link" computers, folders, or accounts.

2. Dropbox's capability, or lack thereof, to be used as "spyware."

3. Dropbox's capability, or lack thereof, to provide remote access to any part of a computer upon which Dropbox software is loaded.

EXHIBIT B

**From:** Charlson, Noah H. [mailto:NCharlson@bazless.com]
**Sent:** Thursday, July 12, 2012 12:37 PM
**To:** Bal, Colleen
**Cc:** Reger, Christina M.
**Subject:** Elliott Greenleaf v. Balaban, et al. - Subpoena to Dropbox, Inc.

Colleen: As we discussed earlier today, I have revised Schedule A to the Dropbox Supboena to narrow the scope of testimony to a single, narrowly defined topic. I trust that this will address your overbreadth concern.

In addition, I have attached the plaintiff's amended complaint, as well as an article from the Legal Intelligencer published after the case was filed, which details the Dropbox allegations. There are numerous other articles in the Legal Intelligencer, which I can provide if you desire.

Once you have had a chance to review this, please let me know and I will give you a call to further discuss setting up the deposition.

Best regards,

Noah

**Noah H. Charlson**
**BAZELON LESS & FELDMAN, P.C.**
**1515 Market Street, Suite 700**
**Philadelphia, PA 19102**
**Direct Dial: (215) 609-3147**
**Main Office: (215) 568-1155**
**Fax: (215) 609-3217**
**E-mail: ncharlson@bazless.com**
**www.bazless.com**

Notice of Confidentiality: The information contained in this email message is intended only for the use of the individual or entity named above and may contain information that is confidential and protected by attorney-client privilege. Any dissemination, distribution, or copying to of this communication other than to the individual or entity named above is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

1

REVISED SCHEDULE A TO SUBPOENA TO DROPBOX

TOPIC FOR TESTIMONY OF CORPORATE DESIGNEE

1. The ability, or inability, of a remote Dropbox user to access files outside of the designated Dropbox folder on a client computer.

# EXHIBIT C

**From:** Charlson, Noah H. [mailto:NCharlson@bazless.com]
**Sent:** Tuesday, July 17, 2012 1:56 PM
**To:** Bal, Colleen
**Subject:** FW: : Dropbox Subpoena

Colleen: See below for the response from Mark Kearney at Elliott Greenleaf to my request for a stipulation along the lines you and I discussed. As I expected, they have denied our request for a stipulation, and certainly have not foreclosed the possibility that they are going to contend that Dropbox was used to go beyond the Dropbox folder.

Therefore, I am not withdrawing the subpoena. I will tender the witness fee to you by Fedex; you will get it on Thursday.

Please let me know whether you still intend to move to quash the subpoena.

-Noah


**From:** Mark Kearney [mailto:mak@elliottgreenleaf.com]
**Sent:** Tuesday, July 17, 2012 4:50 PM
**To:** Charlson, Noah H.
**Cc:** Mark Schwemler
**Subject:** : Dropbox Subpoena

Noah,

I told DropBox's counsel that our complaint speaks for itself regarding the computers and the DropBox effect on those computers and files with the Dropbox software. We cannot stipulate to anything, especially since our expert has not finished analyzing this issue.
Mark


**From:** Charlson, Noah H. [mailto:NCharlson@bazless.com]
**Sent:** Tuesday, July 17, 2012 3:26 PM
**To:** Mark Kearney
**Cc:** Mark Schwemler
**Subject:** FW: Dropbox Subpoena

Mark: Have you had an opportunity to consider whether EGS will enter into a stipulation as I have proposed?

---

**From:** Charlson, Noah H.
**Sent:** Monday, July 16, 2012 10:12 PM
**To:** 'mak@elliottgreenleaf.com'
**Cc:** 'mhayes@mmwr.com'; 'pdelaney@mijb.com'
**Subject:** Dropbox Subpoena

Mark: I understand that you spoke with Colleen Bal from Wilson Sonsini (cou sel for Dropbox) about the issues in this case and my subpoena to Dropbox. She informed me that you represented to her that Elliott Greenleaf is not making any allegation in this case that Balaban used Dropbox to access any part of the EGS computer system other than the Dropbox folder itself and the files in it.

If that is the case, will EGS enter into a stipulation to that effect? That would obviate the need for any of us to travel to California or to deal with a Dropbox deposition. I'd appreciate if you could get back to me as soon as possible, so that I can communicate further with Colleen about the status of the Dropbox subpoena.

Thanks,
Noah


**Noah H. Charlson**
**BAZELON LESS & FELDMAN, P.C.**
**1515 Market Street, Suite 700**
**Philadelphia, PA 19102**
**Direct Dial: (215) 609-3147**
**Main Office: (215) 568-1155**
**Fax: (215) 609-3217**
**E-mail: ncharlson@bazless.com**
**www.bazless.com**

Notice of Confidentiality: The information contained in this email message is intended only for the use of the individual or entity named above and may contain information that is confidential and protected by attorney-client privilege. Any dissemination, distribution, or copying to of this communication other than to the individual or entity named above is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

2

# EXHIBIT D

**From:** Bal, Colleen
**Sent:** Tuesday, July 17, 2012 2:37 PM
**To:** Charlson, Noah H.
**Cc:** Bal, Colleen
**Subject:** RE: : Dropbox Subpoena

Noah,

Thank you for the email. Two things:

1. Under Ninth Circuit authority, a Rule 45 subpoena is invalid if witness and estimated mileage fees are not paid *concurrently* with service. *See, e.g., CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983). Your subpoena is therefore invalid; payment of fees after service does not cure the defect.

2. As the party issuing the subpoena, your client has the burden of demonstrating that the information it seeks from Dropbox is both relevant and material to the underlying proceeding. You have not done that. To the contrary, the below email exchange between Mr. Kearney and you confirms that the Plaintiff's Dropbox allegations are as set forth in the complaint. As we have discussed, the complaint nowhere alleges that Defendants could or did use Dropbox software to access files outside the Dropbox.

Therefore, I ask again that you formally withdraw the subpoena (but as noted, the subpoena you served is invalid in any event).

Colleen

---

**From:** Charlson, Noah H. [mailto:NCharlson@bazless.com]
**Sent:** Tuesday, July 17, 2012 1:56 PM
**To:** Bal, Colleen
**Subject:** FW: : Dropbox Subpoena

Colleen: See below for the response from Mark Kearney at Elliott Greenleaf to my request for a stipulation along the lines you and I discussed. As I expected, they have denied our request for a stipulation, and certainly have not foreclosed the possibility that they are going to contend that Dropbox was used to go beyond the Dropbox folder.

Therefore, I am not withdrawing the subpoena. I will tender the witness fee to you by Fedex; you will get it on Thursday.

Please let me know whether you still intend to move to quash the subpoena.

-Noah

---

**From:** Mark Kearney [mailto:mak@elliottgreenleaf.com]
**Sent:** Tuesday, July 17, 2012 4:50 PM
**To:** Charlson, Noah H.
**Cc:** Mark Schwemler
**Subject:** : Dropbox Subpoena

Noah,

1

I told DropBox's counsel that our complaint speaks for itself regarding the computers and the DropBox effect on those computers and files with the Dropbox software. We cannot stipulate to anything, especially since our expert has not finished analyzing this issue.
Mark

---

**From:** Charlson, Noah H. [mailto:NCharlson@bazless.com]
**Sent:** Tuesday, July 17, 2012 3:26 PM
**To:** Mark Kearney
**Cc:** Mark Schwemler
**Subject:** FW: Dropbox Subpoena

Mark: Have you had an opportunity to consider whether EGS will enter into a stipulation as I have proposed?

---

**From:** Charlson, Noah H.
**Sent:** Monday, July 16, 2012 10:12 PM
**To:** 'mak@elliottgreenleaf.com'
**Cc:** 'mhayes@mmwr.com'; 'pdelaney@mijb.com'
**Subject:** Dropbox Subpoena

Mark: I understand that you spoke with Colleen Bal from Wilson Sonsini (cou sel for Dropbox) about the issues in this case and my subpoena to Dropbox. She informed me that you represented to her that Elliott Greenleaf is not making any allegation in this case that Balaban used Dropbox to access any part of the EGS computer system other than the Dropbox folder itself and the files in it.

If that is the case, will EGS enter into a stipulation to that effect? That would obviate the need for any of us to travel to California or to deal with a Dropbox deposition. I'd appreciate if you could get back to me as soon as possible, so that I can communicate further with Colleen about the status of the Dropbox subpoena.

Thanks,
Noah


**Noah H. Charlson**
**BAZELON LESS & FELDMAN, P.C.**
**1515 Market Street, Suite 700**
**Philadelphia, PA 19102**
**Direct Dial: (215) 609-3147**
**Main Office: (215) 568-1155**
**Fax: (215) 609-3217**
**E-mail: ncharlson@bazless.com**
**www.bazless.com**

Notice of Confidentiality: The information contained in this email message is intended only for the use of the individual or entity named above and may contain information that is confidential and protected by attorney-client privilege. Any dissemination, distribution, or copying to of this communication other than to the individual or entity named above is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

2

COLLEEN BAL, State Bar No. 167637
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: cbal@wsgr.com

Attorneys for Non-party Dropbox, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELLIOTT GREENLEAF & SIEDZIKOWSKI P.C.,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM R. BALABAN; CHARLES L. HERRON; PAMELA HERRON; and STEVENS & LEE, P.C.<br><br>Defendants. | CASE NO.:<br><br>**[PROPOSED] ORDER GRANTING NON-PARTY DROPBOX, INC.'S MOTION TO QUASH SUBPOENA**<br><br>Pending in Case No.: 2:12-cv-00674 (TJS) (E.D. PA.) |

1   Having considered the arguments and papers filed in connection with Dropbox, Inc.'s
2   Motion to Quash Subpoena (the "Motion"), and for good cause shown,
3   IT IS HEREBY ORDERED that the Motion is granted. The subpoena is quashed in its
4   entirety.

Dated: _____         _____
                                United States District Judge

[PROPOSED] ORDER GRANTING                    -1-                                5002603.1
NON-PARTY DROPBOX MOTION
TO QUASH SUBPOENA